# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 17-4363**

---

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

ALLISE JONES, a/k/a Ajani Ringgold,

          Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:16-cr-00282-AJT-1)

---

Submitted: April 30, 2018                    Decided: June 20, 2018

---

Before AGEE, WYNN, and HARRIS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Shannon Quill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Alexander Edward Blanchard, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia; Charlie L. Divine, III, Federal Housing Finance Agency, OFFICE OF THE INSPECTOR GENERAL, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Allise Jones of conspiracy to commit identity theft, 18 U.S.C. § 1028(f) (2012), conspiracy to commit access device fraud, 18 U.S.C. § 1029(b)(2) (2012), two counts of access device fraud, 18 U.S.C. § 1029(a)(2), and two counts of aggravated identity theft, 18 U.S.C. § 1028A (2012). The district court sentenced Jones to an aggregate term of 66 months' imprisonment. In accordance with *Anders v. California*, 386 U.S. 738 (1967), Jones's counsel filed a brief certifying that there are no meritorious grounds for appeal but questioning whether the evidence was sufficient to support Jones's convictions, whether the district court committed plain error in instructing the jury, and whether the sentence imposed was reasonable. Although notified of her right to file a pro se supplemental brief, Jones has not done so. We affirm the district court's judgment.

## I.

We review de novo the district court's denial of a motion for acquittal based on a challenge to the sufficiency of the evidence. *United States v. Palomino-Coronado*, 805 F.3d 127, 130 (4th Cir. 2015). The Government presented evidence that current or former employees of Capital One, the Department of Veterans Affairs, and Federal Home Loan Mortgage Corporation conspired with Jones to withdraw and use funds from the victims' bank accounts. Viewed in the light most favorable to the government, *see id.*, we find that the evidence supports each of the charges.

2

Access Device Fraud

To convict a defendant of access device fraud, 18 U.S.C. § 1029(a)(2), the Government must prove (1) the intent to defraud, (2) the knowing use of or trafficking in an unauthorized access device, (3) to obtain things of value in the aggregate of $1,000 or more within a one-year period, and (4) that affects interstate or foreign commerce. *United States v. Blake*, 81 F.3d 498, 506 (4th Cir. 1996). A credit card number is an access device. 18 U.S.C. § 1029(e)(1) (2012).

The evidence, viewed in the light most favorable to the Government, showed that Jones, without authorization, used victim R.R.'s name, Social Security number, and date of birth to open credit cards in R.R.'s name. She then proceeded to make charges on these cards totaling more than $9,000 in a three-month period on one card and at least $12,500 on another card. These charges were incurred in the Eastern District of Virginia, other locations in Virginia, and numerous other states. The Government also presented evidence that Jones used the personal identifying information of B.G. to open a credit card in B.G.'s name, listing herself as an authorized user. She made purchases of more than $14,000 in her name on this card in Arlington, Virginia, and California. Jones made no payments on these unauthorized charges, evidencing an intent to defraud. We conclude that this evidence was sufficient to support Jones's conviction for two counts of access device fraud.

Aggravated Identity Theft

To sustain a conviction for aggravated identity theft, 18 U.S.C. § 1028A, the Government must prove that "the defendant (1) knowingly transferred, possessed, or

3

used, (2) without lawful authority, (3) a means of identification of another person, (4) during and in relation to a predicate felony offense." *United States v. Abdelshafi*, 592 F.3d 602, 607 (4th Cir. 2010). A "means of identification" is "any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual." *Id.* at 607 n.3 (quoting 18 U.S.C. § 1028A(d)(7) (2012)).

Here, the evidence established that Jones possessed the personal identifying information (name, birthdate, and Social Security number) of R.R. and B.G. A hard copy of internal email messages of the Department of Veteran Affairs was found in Jones's residence. Jones did not work for the VA, had no authority to possess the personal identifying information of these VA employees, and used the information during and in relation to the access device felonies discussed above. We conclude that the evidence was sufficient for the jury to find that Jones committed two counts of aggravated identity theft.

Conspiracy

To convict a defendant for conspiracy the Government must prove (1) two or more persons agreed to commit the offense, (2) that the defendant knew the purpose of the conspiracy and willfully joined the conspiracy, and (3) that one of the members performed an overt act in furtherance of the conspiracy. *See United States v. Vinson*, 852 F.3d 333, 352 (4th Cir. 2017). The evidence, viewed in the light most favorable to the Government, established that current or former employees of the Department of Veteran Affairs, Capital One, and Freddie Mac provided Jones with the personal identifying information of the victims. Jones admitted to investigators that she worked with others

who had instructed her to run credit reports on the victims and deliver that information to another individual. Jones used this information to obtain credit cards in the names of the victims and used the cards to obtain goods and services. She also coordinated with others to obtain fake driver's licenses in the victims' names and used those to access the bank accounts of the victims. Additionally, text messages recovered from Jones's phone show that Jones and others coordinated their efforts to create fake driver's licenses and obtain credit cards in the names of others.

We conclude that there was sufficient evidence, viewed in the light most favorable to the Government, to establish that Jones conspired with others to commit the offenses of identity theft and access device fraud.

## II.

Next, Jones contends that the district court erred by instructing the jury with the "two inference" charge, as follows: "If the jury views the evidence in the case as reasonably permitting either of two conclusions – one of innocence, the other of guilty – the jury must, of course, adopt the conclusion of innocence." Because Jones did not object in the trial court to the inclusion of this jury instruction, our review is for plain error. *United States v. Foster*, 507 F.3d 233, 249 (4th Cir. 2007).

In *United States v. Blankenship*, 846 F.3d 663 (4th Cir. 2017), we expressly disapproved of the "two inference" jury instruction, and directed district courts not to use it because it creates a risk of lessening the Government's burden of proof. *Id.* at 679. We ultimately found no reversible error, however, because despite the two-inference charge,

the district court's instructions in that case, "when viewed as a whole," correctly stated the government's burden. *Id.* Specifically, the district court "correctly instructed the jury regarding the presumption of innocence" and "instructed the jury several dozen times that it needed to find Defendant guilty beyond a reasonable doubt, including immediately before and after it used the two-inference instruction." *Id.*

Here, although the district court erred in providing the two-inference instruction after *Blankenship*, we find that the error does not warrant reversal. As in *Blankenship*, the district court's instructions, considered as a whole, correctly stated the Government's burden. Specifically, the court properly instructed the jury on the presumption of innocence, and on numerous occasions instructed that Jones must be found guilty beyond a reasonable doubt, including directly before giving the two-inference instruction and at the conclusion of each charge. *See Blankenship*, 846 F.3d at 679; *see also United States v. Jefferson*, 674 F.3d 332, 351 (4th Cir. 2012) ("[W]e do not view a single instruction in isolation; rather we consider whether taken as a whole and in the context of the entire charge, the instructions accurately and fairly state the controlling law.") (internal quotation marks omitted). Accordingly, we conclude that inclusion of the two-inference instruction is not "plain error" warranting reversal.

## III.

Lastly, counsel questions whether Jones's 66-month sentence is reasonable. The district court sentenced Jones to a below-Guidelines sentence of 42 months on the Guidelines counts and 24 months on the aggravated identity theft counts to run

6

consecutive to the 42-month term but concurrent with each other. We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We presume on appeal that a sentence within or below the properly calculated Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Such a presumption is rebutted only when the defendant shows "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2012)] factors." *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006).

The district court correctly calculated Jones's advisory Guidelines range, heard argument from counsel, provided Jones an opportunity to allocute, considered the §3553(a) sentencing factors, and adequately explained the basis for the sentence imposed. We have reviewed the record and conclude that Jones's below-Guidelines sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Jones's conviction and sentence. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*